**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RUTH KNIGHT,
Plaintiff-Appellant,

v.

MARVIN RUNYON, Postmaster
General of the United States,
Defendant-Appellee,                                    No. 96-2115

and

TERRY BARRY, Postmaster, Fairfield
Branch, Hilton Head Island, South
Carolina,
Defendant.

Appeal from the United States District Court
for the District of South Carolina, at Beaufort.
Robert S. Carr, Magistrate Judge.
(CA-93-2681)

Submitted: December 9, 1997

Decided: December 31, 1997

Before NIEMEYER, HAMILTON, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Jack D. Simrill, Hilton Head Island, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, Joseph P. Griffith, Jr., Assistant

United States Attorney, Charleston, South Carolina; R. Andrew German, Managing Counsel, David G. Karro, Christopher Pearson, UNITED STATES POSTAL SERVICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Ruth Knight appeals from a magistrate judge's order, [1] after a bench trial, granting her injunctive relief for her employer's unlawful discrimination but denying her back pay or other monetary relief. She also appeals from the magistrate judge's order denying her motion to reconsider or for a new trial. For the reasons that follow, we affirm.

Knight, formerly a mail carrier for the United States Postal Service ("Post Office"), alleged that she was illegally discriminated against on numerous grounds in violation of Title VII of the Civil Rights Act. See 42 U.S.C.A. § 2000e-16 (West 1995 & Supp. 1997).[2] The district court granted the Post Office summary judgment except for Knight's allegations that it altered her mail route (which thereby reduced her salary) in retaliation for her prior discrimination complaints. Because the Post Office admitted its reassignment was in fact retaliatory, the parties proceeded to trial on the sole issue of what was the appropriate relief for the employer's admittedly wrongful action.

_____

[1] The parties consented to the magistrate judge's jurisdiction under 28 U.S.C.A. § 636(c) (West 1993 & Supp. 1997).
[2] The parties do not dispute that the acts at issue occurred prior to the effective date of the Civil Rights Act of 1991 and therefore Knight is limited to equitable remedies. See Amirmokri v. Baltimore Gas & Elec. Co., 60 F.3d 1126, 1132 n.2 (4th Cir. 1995) (compensatory and punitive damages not authorized prior to enactment of 1991 Act).

2

After a two day bench trial, the magistrate judge made the following factual findings. Knight was employed with the Post Office from August 1985 to February 13, 1991, at which point she left work for psychological reasons and never returned. On March 9, 1991, the Post Office, in retaliation for Knight's previous discrimination complaints, altered her route so that had she returned to work her salary would have been decreased by approximately $9000 per year. Knight applied for and received compensation benefits arising out of her psychological injury of February 13, 1991.[3] Although the Post Office's discriminatory route readjustment may have contributed in some way to Knight's psychological problems, the primary cause of her inability to work was caused by tragic personal circumstances. Finally, the court found that Knight's testimony regarding her personal circumstances was "less than truthful." (Joint appendix ("J.A.") at 752).

Based upon these factual findings, the magistrate judge concluded that because Knight was already unavailable for work at the time of the route adjustment, the discriminatory act was not "causally linked to [Knight's] . . . psychological condition and consequent unavailability to work." (J.A. at 753). Therefore, because the employer's illegal act was unrelated to Knight's inability to work, the magistrate judge ordered no back pay or other damages. The magistrate judge did, however, order the Post Office to refrain from engaging in any practice in violation of Title VII, including retaliation should Knight ever return to work. On appeal, Knight alleges the magistrate judge erred in his factual finding that Knight was already unavailable for work at the time of the retaliatory reassignment and by failing to award back pay or other monetary relief.

A district court's award of back pay is left to the discretion of the trial judge. See Martin v. Cavalier Hotel Corp. , 48 F.3d 1343, 1358-59 (4th Cir. 1995). The Supreme Court has explained that back pay under Title VII is awarded "to make persons whole for injuries suffered on account of unlawful employment discrimination." Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1975). When an injury is of

_____

[3] Knight receives a percentage of her salary under the Federal Employees Compensation Act ("FECA"). See generally 5 U.S.C.A. §§ 8101-8151 (West 1995 & Supp. 1997) (FECA compensates employees totally disabled by work-related injuries).

3

an economic nature, "[t]he injured party is to be placed, as near as may be, in the situation he would have occupied if the wrong had not been committed." Id. at 418-19 (citation and internal quotations omitted).

Thus, we do not find that the magistrate judge abused his discretion in finding that Knight was already unavailable for work prior to the Post Office's discriminatory conduct--and therefore had no effect on her ability to work. There was ample evidence in the record to support the magistrate judge's findings. See Martin, 48 F.3d at 1358. Finally, because the Post Office's discriminatory act did not cause a loss in pay, the magistrate judge correctly denied such relief on that basis. See Albemarle Paper Co., 422 U.S. at 418. Accordingly, we affirm the magistrate judge's order only granting injunctive relief and affirm the order denying Knight's motion for reconsideration or for a new trial. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4